JOHN GRAY *et al.*

*v.*

SMITH MOREY.

EVIDENCE—*declarations of a party, whether admissible in his favor.* In an action of replevin to recover a lot of cattle taken on execution, there was evidence tending to show the cattle were owned jointly by the plaintiff, and the defendant in the execution: *Held,* that declarations of the plaintiff, out of court, not under oath, and in the absence of the defendant in the execution, were inadmissible as evidence to enable the plaintiff to make out title in himself to the property in dispute.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The opinion states the case.

Mr. C. F. REMICK, for the plaintiffs in error.

Mr. E. W. EVANS, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of replevin, for certain cattle, brought by the defendant in error, against John Gray, sheriff of Cook county, and others, the property in question having been seized on an execution in favor of one Misner, and against one Gilbert Follansbee, as the property of Follansbee.

The cattle were shipped by Follansbee, at Sandwich, to himself, at Chicago, and, when levied upon, were in his possession there. Morey brought this suit to recover the cattle, claiming to be the owner of them.

One error assigned upon this record, is that of allowing the witness Sheppard, to testify to what the plaintiff himself had said in his own interest, in Follansbee's absence.

The other testimony in the case tended strongly to show that the cattle were purchased and shipped by Follansbee & Morey together, on joint account. The witness Sheppard testified that a few days before the cattle were shipped, Morey applied to him for some money to ship some cattle, and then said, that he had a few bought, and that he was "going on his own hook;" and in answer to the question, what did Morey say as to Follansbee's interest, the witness replied, "I understood he was not going in any partnership with Follansbee, in this load of cattle."

The evidence of these statements of Morey, the plaintiff, in his own favor, was admitted against the objection of the defendants, and must have had a material bearing upon the case.

Declarations of a party out of court, not under oath, are not to be received for him, to enable him to make out title to the property in dispute.

And we fail to see how their admission in this case could be justified on the ground claimed of their being declarations accompanying an act.

For this error, the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*